UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL DROGOSZ,

    Plaintiff,

    v.                                        CAUSE NO. 3:18-CV-315-PPS-MGG

ROBERT E. CARTER, JR., and MS. ABRHAMS,

    Defendants.

OPINION AND ORDER

Michael Drogosz, a prisoner without a lawyer, filed an amended complaint naming nine defendants. ECF 45. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Drogosz alleges was prevented from receiving 29 issues[1] of the magazine *Prison Legal News* by Mr. Lestner who told him "I will <u>never</u> let this magazine in." ECF 45 at

---

[1] January 2017, April 2017, May 2017, June 2017, July 2017, December 2017, January 2018, April 2018, May 2018, June 2018, July 2018, August 2018, September 2018, October 2018, November 2018, December 2018, January 2019, February 2019, March 2019, April 2019, May 2019, June 2019, July 2019, August 2019, September 2019, October 2019, November 2019, December 2019, and January 2020.

22. However, Mr. Lestner is not named as a defendant and Drogosz does not allege facts from which it can be plausibly inferred that any of the nine named defendants were personally involved with confiscating or preventing him from obtaining this magazine. Only Mr. Lestner is alleged to have prevented him from receiving the magazine.

The complaint describes the defendants as having authority over the mailroom or as supervisors. ECF 45 at 4-5. However, there is no general respondeat superior liability under 42 U.S.C. § 1983, and supervisors cannot be held liable simply because they employ or supervise someone else. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Drogosz alleges he wrote and told defendants about his inability to receive the magazine, but the "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of [Indiana] and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [a solution]. That can't be right." *Id.* at 595. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Therefore the complaint does not state a claim against any of the nine named defendants for confiscating or preventing Drogosz from receiving *Prison Legal News*.

Drogosz also seeks injunctive relief ordering that he be permitted to receive *Prison Legal News*. "As a general rule, prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011). The Warden of the Indiana State Prison has

both the authority and the responsibility to ensure that inmates there are provided with their First Amendment rights. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Drogosz will be allowed to proceed against Ron Neal in his official capacity as the Indiana State Prison Warden for permanent injunctive relief.

Drogosz alleges J. Wallen "continually impeded plaintiff's grievances concerning this complaint . . .." ECF 45 at 11. However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Drogosz further alleges the grievances were mishandled in retaliation for settlement negotiations in *Sweeney v. Commissioner*, 1:17-cv-3550 (S.D. Ind. filed October 4, 2017). ECF 45 at 11. "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Drogosz was not a party to the *Sweeney* case – he did not engage in settlement negotiations in that case. Therefore, even if his grievances were mishandled because of the settlement negotiations in *Sweeney*, those negotiations were not Drogosz' protected First Amendment activity. Therefore the complaint does not state a claim for the mis-handling of grievances.

3

Finally, Drogosz raises other unrelated claims. He alleges Michelle Metcalf "confiscated plaintiff's pre-approved religious item (sabbath candles, electric) [and another] package of religious items." ECF 45 at 11-12. He alleges J. Wallen retaliated against him by issuing a conduct report for insolence because he believed Drogosz had defaced a posting in the prison. *Id*. at 12. He alleges Ms. St. Martin did not dismiss the insolence conduct report. *Id*. at 13. He alleges Warden Neal did not overturn the finding of guilt on appeal. *Id*. at 14. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When a prisoner files a case containing unrelated claims, it is the usual practice of this court to allow the inmate to choose which related claims to keep and which he wants dismiss or bring in separate lawsuits. Here however, this is the fourth complaint filed by Drogosz in this case. *See* ECF 1, 21, 31, and 45. The central theme of every complaint has been his lack of access to *Prison Legal News*. Therefore the claims related to that have been kept in this case and screened. The claims unrelated to that will be dismissed. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Michael Drogosz leave to proceed against Ron Neal in his official capacity as the Indiana State Prison Warden for injunctive relief to receive *Prison Legal News* if he subscribes to it in the future;

(2) DISMISSES all other claims;

(3) DISMISSES Commissioner Robert Carter, Executive Assistant George Payne, Classification Supervisor Deb Abrhams, Mailroom Worker Michelle Metcalf,

Classification Supervisor D. Bodiovich, Executive Assistant Mark Newkirk, Grievance Specialist J. Wallen; and DHB Worker St. Martin;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) the Indiana State Prison Warden, with a copy of this order and the amended complaint (ECF 45), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ron Neal in his official capacity as the Indiana State Prison Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 4, 2020.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT